**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DARREN DONTA REED, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 07-cv-195-MJR |
| vs. ) | |
| ) | CRIMINAL NO. 05-cr-40051 |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

In 2005, Petitioner was incarcerated at the Federal Prison Camp in Marion, Illinois, on charges unrelated to this action. On or about June 12, 2005, Petitioner was discovered outside the perimeter of the camp, and he was charged with escape. 18 U.S.C. § 751(a). He pleaded guilty to that charge, and he is currently serving a 46-month sentence for that conviction. He now challenges that conviction, claiming that counsel was ineffective in recommending a guilty plea. He suggests that counsel failed to investigate the facts before leading him to a guilty plea. If counsel had fully investigated, he asserts that she would have discovered that Petitioner had no intention of escaping.

Petitioner's explanation is simple – his reason for being outside the camp perimeter was to meet with his girlfriend for an off-site conjugal visit. This explanation is supported by an affidavit from his girlfriend, Stephanie Creer, who states that Petitioner intended to return to camp before the next count, following "the exact routine [they had] practiced and completed on several occasions

prior" to this incident (Doc. 1, p. 13).  Thus, Petitioner reasons that because he had every intention of returning to camp, he did not attempt to "escape" from custody.  He also argues that because he was intoxicated, he could not have formed the requisite mental intent to escape.

It is well-settled that there are three essential elements of the offense of escape under § 751(a):  (1) escape or attempted escape, (2) from the custody of the Attorney General or his appointed representative, or from a place where the defendant is confined at the direction of the Attorney General, and (3) where the custody is by virtue of either arrest on a charge of felony or conviction of any offense.  *See, e.g, United States v. Bailey*, 444 U.S. 394, 407 (1980); *United States v. Rosa-Ortiz*, 348 F.3d 33, 37 (1st Cir. 2003); *United States v. Patterson*, 230 F.3d 1168, 1172 n. 2 (9th Cir. 2000); *United States v. Evans*, 159 F.3d 908, 910 (4th Cir. 1998); *United States v. Vanover*, 888 F.2d 1117, 1121 (6th Cir. 1989); *United States v. Edrington*, 726 F.2d 1029, 1031 (5th Cir. 1984); *United States v. Richardson*, 687 F.2d 952, 954-62 (7th Cir. 1982) (discussing § 751(a) and its history at length).  The meaning of the word "escape" has been defined simply as "absenting oneself from custody without permission."  *Bailey*, 444 U.S. at 407; *Evans*, 159 F.3d at 910.

Petitioner freely admits that he had absented himself from custody without permission, and his intention to return is irrelevant.  Therefore, none of the grounds presented by the Petitioner entitle him to relief under Section 2255 of Title 28, and the motion to vacate, set aside or correct sentence is **DENIED**.  This action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 8th day of July, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**